UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:18-CV-00077-GNS-LLK

J. RICHARD WALKER and                                                                PLAINTIFFS
ESTATE OF GENE HIPP through its
Personal Representative JULIE HIPP
d/b/a HIPP BUILDING PARTNERSHIP

v.

SENECA INSURANCE COMPANY, INC.                                                       DEFENDANT

## OPINION AND ORDER

Judge Greg N. Stivers referred this matter to Magistrate Judge Lanny King for resolution of all litigation planning issues, entry of scheduling orders, consideration of amendments thereto, and resolution of all non-dispositive matters, including discovery issues. (Docket # 7). Defendant Seneca Insurance Company, Inc. ("Defendant Seneca"), filed a Motion to Bifurcate and Stay Discovery. (Docket # 11). Plaintiffs filed their Response in opposition and Defendant Seneca filed its Reply. (Docket # 14, 15). This matter is ripe for adjudication. For the reasons stated below, Defendant Seneca's Motion to Bifurcate and Stay is granted. (Docket # 11).

### Background

Seneca Insurance Company issued policy number SCC 201 68 80 to named insured, J. Richard Walker and Gene Hipp, d/b/a Hipp Building Partnership. (Docket # 5). On or about April 27, 2017, the roof on the Hipp Building incurred damage from water. (Docket # 1). Plaintiffs submitted a claim for damages and loss to the Hipp Building, including repair, mitigation, clean up, and restoration estimates; Defendant Seneca denied coverage for Plaintiffs' claimed loss. (Docket # 5). Plaintiffs sued Defendant Seneca for breach of contract, requesting benefits under their policy (Count I), and statutory bad faith (Count II). (Docket # 1).

1

## Analysis

Under Federal Rule of Civil Procedure 42, the court may bifurcate "one or more separate issues, claims, crossclaims, counterclaims, or third-party claims" in order "to avoid prejudice, or to expedite and economize." FED. R. CIV. P. 42(b). "The decision to bifurcate lies within the sound discretion of the trial court." *Live Nation Worldwide, Inc. v. Secura Ins.*, 298 F. Supp. 3d 1032, 1035 (W.D. Ky. 2018) (quoting *Smith v. Allstate Ins. Co.*, 403 F.3d 401, 407 (6th Cir. 2005)). The decision to bifurcate is made on a case-by-case basis. *See In re Bendectin Litig.*, 857 F.2d 290, 307 (6th Cir. 1988). "In determining whether bifurcation is appropriate, the court should consider several factors, including 'the potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and economy.'" *Clift v. LaFarge W., Inc.*, No. 5:14-CV-00057, 2015 U.S. Dist. LEXIS 103731, at *3-4 (W.D. Ky. Aug. 7, 2015) (quoting *Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir. 2007) (internal citation omitted)). The burden to establish the appropriateness of bifurcation rests with the movant. *Id*.

District courts in the Western District of Kentucky frequently bifurcate claims addressing coverage and bad faith against insurance companies, as deciding the first claim may obviate the need to litigate the second. *See, e.g., Live Nation Worldwide, Inc. v. Secura Ins.*, 298 F. Supp. 3d 1032, 1035-36 (W.D. Ky. 2018); *Graves v. Standard Ins. Co.*, No. 3:14-CV-558-DJH, 2015 U.S. Dist. LEXIS 66894, 2015 WL 2453156, at *3 (W.D. Ky. May 22, 2015); *Nationwide Mut. Fire Ins. Co. v. Jahic*, No. 3:11-CV-00155, 2013 U.S. Dist. LEXIS 1798, at *8 (W.D. Ky. Jan. 7, 2013); *Brantley v. Safeco Ins. Co. of Am.*, No. 1:11-CV-00054-R, 2011 U.S. Dist. LEXIS 138111, at *3-5 (W.D. Ky. Dec. 1, 2011); *Galloway v. Nationwide Mut. Fire Ins. Co.*, No. 3:09-CV-491-JDM, 2010 U.S. Dist. LEXIS 106520, 2010 WL 3927815, at *1 (W.D. Ky. Oct. 5, 2010) ("In third-party and first-party cases alike, coverage issues commonly hinge on an issue of contract interpretation

and are frequently, although not always, adjudicated on summary judgment motions. Limited discovery and adjudication of the threshold coverage dispute would, in the court's view, streamline adjudication—a conclusion reached without any view of the merits of the underlying coverage claim."). Indeed, first-party bad faith claims are routinely separated from coverage issues. *E.g., White v. ABG Caulking Contractors, Inc.,* No. 5:13-CV-00194-TBR, 2014 U.S. Dist. LEXIS 32413, at *4 (W.D. Ky. Mar. 12, 2014); *Brantley v. Safeco Ins. Co. of Am.*, No. 1:11-CV-00054-R, 2011 WL 6012554, at *2 (W.D. Ky. Dec. 1, 2011) ("A brief review of the prevailing precedent indicates first-party bad faith claims are routinely separated from coverage issues.") (collecting cases). The question of bifurcation in these cases centers on whether resolution of a single claim would be dispositive of the entire case. *Id.*; *In re Beverly Hills Fire Litig.*, 695 F.2d 207, 216 (6th Cir. 1982) (highly relevant where single claim would be dispositive); *Bruckner v. Sentinel Ins. Co.*, No. 09-195-JBC, 2011 WL 589911, at *2 (bifurcation acceptable where bad faith claims depended on success of coverage issues).

Here, all pertinent factors weigh in favor of bifurcation. First, the viability of Plaintiffs' bad-faith claims is contingent upon the existence of an enforceable contractual obligation to pay. *Alvey v. State Farm Fire & Cas. Co.*, 2017 WL 2798501, at *2 (W.D. Ky. June 28, 2017) (citing *Davidson v. Am. Freightways, Inc.*, 25 S.W.3d 94, 100 (Ky. 2000) ("Absent a contractual obligation, there simply is no bad faith cause of action, either at common law or by statute.")). Because "resolution of [that] single issue" will be "dispositive of an entire claim," it is more convenient and economical to decide the breach-of-contract claim before passing on the bad-faith claims. *In re Beverly Hills Fire Litig.*, 695 F.2d 207, 216 (6th Cir. 1982). Second, "[b]ifurcation of the trials will thus avoid the expense of litigating issues that may never arise, and will permit the jury to focus on a single issue at a time thereby avoiding the introduction of potentially

3

confusing evidence until absolutely necessary." *Nationwide Mut. Fire Ins. Co. v. Jahic*, No. 3:11-CV-00155, 2013 WL 98059, at *3 (W.D. Ky. Jan. 7, 2013); *see also Alvey v. State Farm Fire & Cas. Co.*, 2017 WL 2798501, at *2 (W.D. Ky. June 28, 2017). Indeed, because Plaintiffs' bad-faith claim turns on the success of their breach of contract claim, failure to issue a stay might result in needless discovery and added expense. *Sandusky v. Acuity, A Mut. Ins. Co.*, Civil Action No. 3:17-cv-516-DJH-CHL, 2018 WL 2054565, at *5 (W.D. Ky. May 1, 2018). Third, separate proceedings will mitigate possible prejudice to Seneca—even if that prejudice might not be as severe as in the context of litigating a third-party bad-faith claim. *Alvey*, 2017 WL 2798501, at *2 (citing *Foster v. Am. Fire & Cas. Co.*, No. 13-426-GFVT, 2014 WL 7499427, at *3 (E.D. Ky. Jan. 8, 2014) (collecting cases)); *see Sandusky*, 2018 WL 2054565, at *5 (W.D. Ky. May 1, 2018) (insurance company may be able to avoid any unnecessary and premature litigation on the issue of bad faith).

Plaintiffs rely upon several federal district court opinions where the courts declined to bifurcate and stay discovery related to bad faith claims in the first party insurance context. *See Foster v. Am. Fire and Cas. Co.*, 2014 WL 7499427, at *1 (E.D. Ky. Jan. 8, 2014); *Woody's Rest., LLC v. Travelers Cas. Ins. Co of Am.,* 2014 WL 108317, at *4 (E.D. Ky. Jan. 9, 2014); *Lively v. USAA Cas. Ins. Co.,* 2009 WL 1116327, at *2 (E.D. Ky. Apr. 24, 2009); *Colvin v. Am. Bankers Ins. Co.,* 2006 U.S. Dist. LEXIS 19189, at *3 (W.D. Ky. Apr. 11, 2006); *Tharpe v. Ill. Nat'l Ins. Co.,* 199 F.R.D. 213, 215 (W.D. Ky. 2001). Indeed "some courts take a different approach when confronted with the question of whether to bifurcate a first-party action. A split in authority is unremarkable, however, since the decision to bifurcate is discretionary and made on a case-by-case basis." 2017 WL 2798501, at *2 (W.D. Ky. June 28, 2017) (citations omitted)).

Furthermore, as the court in *Foster v. American Fire and Casualty Company* explained, "[t]he common thread in the cases denying bifurcation is that—based on the particular facts of each case—the factual and legal issues in a plaintiff's contract claim are "inextricably intertwined" with his bad faith claims." 2014 WL 7499427, at *2. This is not a situation where a ruling on the coverage issue is inextricably tied to whether Defendant Seneca denied Plaintiffs coverage in bad faith. The coverage issue will likely be decided on the basis of the nature of the covered event and language of the policy, a separate issue from Defendant Seneca's conduct in denying the claim. In light of the dispositive nature of Plaintiffs' breach-of-contract claim and the possibilities of confusion and prejudice resulting from a single trial, there is ample justification to bifurcate the trial of this action. *Alvey*, 2017 WL 2798501, at *2 (W.D. Ky. June 28, 2017).

Therefore, Defendant Seneca's Motion to Bifurcate and Stay Discovery on the bad-faith claim until the underlying contract claim has been resolved is GRANTED. (Docket # 11).

c: Counsel

**Lanny King, Magistrate Judge**
**United States District Court**

September 17, 2018